IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WHAM-O HOLDING, LTD. and INTERSPORT CORP. d/b/a WHAM-O,<br><br>Plaintiffs,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No. 24-cv-01468<br><br>Judge Franklin U. Valderrama<br>Magistrate Judge Maria Valdez |

## FINAL DEFAULT JUDGMENT ORDER

This action having been commenced by Plaintiff WHAM-O HOLDING, LTD. and INTERSPORT CORP. d/b/a WHAM-O ("WHAM-O" or "Plaintiffs") against the defendants identified on First Amended Schedule A, and using the Online Marketplace Accounts identified on First Amended Schedule A (collectively, the "Defendant Internet Stores"), and WHAM-O having moved for entry of Default and Default Judgment against the defendants identified on First Amended Schedule A attached hereto which have not yet been dismissed from this case (collectively, "Defaulting Defendants");

This Court having entered a preliminary injunction; WHAM-O having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication and e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted.

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, WHAM-O has

provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing and counterfeit versions of WHAM-O's federally registered trademark which is protected by U.S. Trademark Registration No. 739,307 (the "HULA-HOOP Trademark") to residents of Illinois. [In this case, WHAM-O has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using counterfeit versions of the HULA-HOOP Trademark. *See* Docket No. [15], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its counterfeit goods to customers in Illinois bearing infringing and/or counterfeit versions of the HULA-HOOP Trademark. This Court further finds that Defaulting Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114) and false designation of origin (15 U.S.C. § 1125(a)).

Accordingly, this Court orders that WHAM-O's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. using the HULA-HOOP Trademark or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine WHAM-O product or not authorized by WHAM-O to be sold in connection with the HULA-HOOP Trademark;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine WHAM-O product or any other product produced by WHAM-O, that is not WHAM-O's or not produced under the authorization, control, or supervision of WHAM-O and approved by WHAM-O for sale under the HULA-HOOP Trademark;

    c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of WHAM-O, or are sponsored by, approved by, or otherwise connected with WHAM-O; and

    d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for WHAM-O, nor authorized by WHAM-O to be sold or offered for sale, and which bear any of WHAM-O's trademarks, including the HULA-HOOP Trademark, or any reproductions, counterfeit copies or colorable imitations.

2. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Defendant Internet Stores, including, without limitation, any online marketplace platforms such as Amazon Payments, Inc. ("Amazon"), eBay, Inc. ("eBay"), PayPal, Inc. ("PayPal"), and Temu, LLC ("Temu") (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

    a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell counterfeit and infringing goods using the HULA-HOOP Trademark; and

    b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the HULA-HOOP Trademark or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine WHAM-O product or not authorized by WHAM-O to be sold in connection with the HULA-HOOP Trademark.

3. Upon WHAM-O's request, those with notice of this Order, including the Third-Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of counterfeit and infringing goods using the HULA-HOOP Trademark.

**4.** Pursuant to 15 U.S.C. § 1117(c)(2), WHAM-O is awarded statutory damages from each of the Defaulting Defendants in the amount of two hundred thousand dollars ($200,000) for willful use of counterfeit HULA-HOOP Trademark on products sold through at least the Defendant Internet Stores. This award shall apply to each distinct Defaulting Defendant only once, even if they are listed under multiple different aliases in the Complaint and First Amended Schedule A.

5. Any Third-Party Providers holding funds for Defaulting Defendants, including Amazon eBay, PayPal, and Temu, shall, within seven (7) calendar days of

      receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 4 above) or other of Defaulting Defendants' assets.

6. All monies (up to the amount of the statutory damages awarded in Paragraph 4 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as Amazon, eBay, PayPal, and Temu are hereby released to WHAM-O as partial payment of the above-identified damages, and Third Party Providers, including Amazon, eBay, PayPal, and Temu are ordered to release to WHAM-O the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

7. Until WHAM-O has recovered full payment of monies owed to it by any Defaulting Defendant, WHAM-O shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8. If WHAM-O identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, WHAM-O may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at the e-mail addresses identified in Exhibit 2 to the Declaration of Kurt Rios and any e-mail addresses provided for Defaulting Defendants by third parties.

9. The ten-thousand-dollar ($10,000.00) surety bond posted by WHAM-O, including any interest minus the registry fee, is hereby released to WHAM-O or their counsel, Keith Vogt, Ltd., 33 West Jackson Boulevard, #2W, Chicago, Illinois, 60604. The Clerk of the Court is directed to return the surety bond previously deposited with the Clerk of the Court to Keith Vogt, Ltd., 33 West Jackson Boulevard, #2W, Chicago, Illinois, 60604 via certified mail. This is a Default Judgment.

DATED: May 14, 2024

                                                                          Franklin U. Valderrama
                                                                          United States District Judge

**First Amended Schedule A**

| No. | Defendants |
|---|---|
| 1 | aewoyry |
| 2 | amho480 |
| 3 | Anshi Enterprises |
| 4 | ■ |
| 5 | biaojuan_32 |
| 6 | binzhouwenjungongyinglianyouxiangongsi |
| 7 | chengdoubaoyuanledian_0 |
| 8 | deal_plus_shop |
| 9 | ez-lily |
| 10 | ■ |
| 11 | jacobstore-1 |
| 12 | juesher |
| 13 | kalindri.sports |
| 14 | koroud_1 |
| 15 | laoshiren998 |
| 16 | liblaryr |
| 17 | lion.deals13 |
| 18 | luxury_store_6266 |
| 19 | mifuji70 |
| 20 | mu20_50 |
| 21 | ochgoodway |
| 22 | peakhill-0 |
| 23 | sesamed |
| 24 | shiniaoduo |
| 25 | slapmark |
| 26 | ■ |
| 27 | ■ |
| 28 | trend_finds |
| 29 | yaodeliang |
| 30 | 9988LTD-US |
| 31 | ■ |
| 32 | Block Department Store-BB |
| 33 | cai lin dian zi |
| 34 | Cenivi |
| 35 | ■ |
| 36 | Daily life product store |
| 37 | FAIRBIZPS STORE |
| 38 | FRIENDS FASHION POINT |
| 39 | GEM EXPORTS |

| 40 | |
|----|---|
| 41 | guangzhouqingyuanmaoyiyouxiangon |
| 42 | |
| 43 | INDIAN BLESSING |
| 44 | Kalindri Enterprises |
| 45 | KOICE |
| 46 | kujia2023 |
| 47 | Kunjiao |
| 48 | Leitze Furniture Co., Ltd |
| 49 | LiuLilingsgdsf |
| 50 | liuwei-shop |
| 51 | LiuZeyangdsakdn |
| 52 | Lmflxzb |
| 53 | LYbeimei |
| 54 | Man Yan He Fu |
| 55 | Mulberry Eagle |
| 56 | PM Squared |
| 57 | R.S. MART |
| 58 | |
| 59 | ShuangYuMaoYi |
| 60 | SkywalkerN |
| 61 | SoYi's |
| 62 | Super-zhan314 |
| 63 | SVIVSA |
| 64 | TAOLINfisn |
| 65 | WHP-US |
| 66 | xiaohuidianpu |
| 67 | XiaoYou Baihuodian |
| 68 | xingkongdahai |
| 69 | Yishu Electronic Technology Co. Ltd |
| 70 | YSGHkj |
| 71 | ystore yil |
| 72 | YXCMGS |
| 73 | zhang da cong 008 |
| 74 | ZhangLiyangngj |
| 75 | ZHANGYAODONG |
| 76 | zhejiadian |
| 77 | AIYOGA |
| 78 | An interesting |
| 79 | BZG HOME |
| 80 | |
| 81 | dartsplatecom |

| 82 | Enlightenment Tools |
| --- | --- |
| 83 | Fugar Fugar |
| 84 | iHYNO household necessities |
| 85 | In Shangyou |
| 86 | jujuxiaodian |
| 87 | KOCUOS |
| 88 | KOOPAO |
| 89 | LENE |
| 90 | LengChao |
| 91 | NEW TAG |
| 92 | osm |
| 93 | |
| 94 | SHYP |
| 95 | Sihui Home Life Hall |
| 96 | Sonkoloro |
| 97 | |
| 98 | TO BE BEST TOOLS |
| 99 | Vacod |
| 100 | VEXERCISE |
| 101 | water wave |
| 102 | Winter warmth |
| 103 | ZYDepartment |